**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 17, 2011

No. 10-30540
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GIOVENNIE BARAHONA, also known as Orlin Geovannie Barahona-Ruis,

Defendant - Appellant

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CR-120-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Giovennie Barahona appeals the 120-month sentence imposed following his guilty plea conviction of illegal reentry. He argues that the district court improperly used his prior conviction for attempted first degree rape as a basis for imposing an upward variance because that conviction had already been used to increase his offense level, to increase his criminal history score, and to increase the statutory penalty range applicable in this case. He contends that this constitutes impermissible quadruple counting. He also argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence imposed was excessive because it failed to take into account the sentences imposed on similarly situated defendants.

This court reviews sentencing decisions for reasonableness, applying an abuse-of-discretion standard. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). This standard applies whether the sentence is within or outside the Guidelines range. *Id.* Appellate courts must first ensure that the district court did not commit procedural error. *Gall v. United States*, 128 S. Ct. 586, 597 (2007); *Cisneros-Gutierrez*, 517 F.3d at 764. When reviewing substantive reasonableness, this court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 128 S. Ct. at 597. Where, as in this case, the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. *See id.*

Barahona argues that the district court improperly based its decision to impose a non-Guidelines sentence on his prior attempted rape conviction because that conviction was adequately accounted for in the Guidelines range. This argument is unavailing. *See United States v. Williams*, 517 F.3d 801, 811 & n.55 (5th Cir. 2008). Moreover, the record reflects that Barahona's prior conviction was not the only basis for the district court's sentencing decision. The district court also considered Barahona's unlawful behavior after he illegally reentered the United States.

The district court stated that in fashioning the sentence it considered the Guidelines and the Section 3553(a) factors. The court concluded that a variance was warranted based on the nature and circumstances of the offense and the history and characteristics of Barahona, as well as the need to protect the public from further crimes committed by Barahona. Barahona has not demonstrated that the district court abused its discretion by determining a variance was warranted under the totality of the circumstances. *See Gall*, 128 S. Ct. at 597.

No. 10-30540

Barahona argues that the imposition of a 120-month sentence in this case, where the applicable Guidelines range was 46 to 57 months, was excessive. However, this court has upheld variances even greater than the increase in Barahona's case. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Herrera-Garduno*, 519 F.3d 526, 530-32 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006); *United States v. Simkanin*, 420 F.3d 397, 419-20 (5th Cir. 2005).

Barahona argues that the district court failed to consider the sentencing objective of avoiding unwarranted sentencing disparities, as set forth in Section 3553(a)(6). This argument is unavailing. *See Herrera-Garduno*, 519 F.3d at 532 n.6; *Smith*, 440 F.3d at 709.

Barahona has not shown that the district court abused its discretion by deciding to impose a sentence above the Guidelines range or that the sentence imposed was unreasonable. *See Gall*, 128 S. Ct. at 597; *Williams*, 517 F.3d at 808-13. Accordingly, the judgment is AFFIRMED.